STARK.
June, 1816.

Kemp
v.
M'Guigin and
Leeper.

## STARK COUNTY—JUNE TERM, 1816.

PRESENT—TAPPAN, *President;* HOOVER, COULTER AND HENRY, *Associates.*

## KEMP vs. M'GUIGIN AND LEEPER.

DEBT ON BOND.

When the declaration described the bond as acknowledging to be held and firmly bound unto D. K. in the sum of -——, to be paid to the said D. K.; and the bond was, *We bind ourselves,* without saying to whom, it is a fatal variance.

DECLARATION.—Joseph M'Guigin and James Leeper, were attached to answer David Kemp, of a plea, that he render unto the said David Kemp the sum of one hundred and two dollars, which they owe to and unjustly detain from him—for that whereas the said Joseph and the said James, heretofore, to wit, on the 23d day of February, 1813, at Stark county aforesaid, by their certain writing obligatory, sealed with their seals, and now here in court shown, the date whereof is the day and year aforesaid, acknowledged themselves to be held and firmly bound *unto the said David Kemp,* in the said sum of one hundred and two dollars, above demanded, to be paid to the said David Kemp, when they, the said Joseph and the said James, or either of them, should thereunto afterwards be requested. Which said writing obligatory, was subject to a certain condition thereunder written, to wit: that if the said Joseph should make, or cause to be made, unto the said David, (who was then,) of Washington county, Pennsylvania, a good and sufficient deed, in fee simple, for lot numbered 168, in the town of Canton, on or before the 25th of December, 1813, then should the above obligation be void, else remain in full force and virtue in law. Now the said D. K. avers, that the said Joseph did not make, or cause to be made, to him, the said D. K., a good sufficient deed, in fee simple

of the said lot numbered one hundred and sixty-eight, in the town of Canton, on or before the 25th day of December, 1813, although requested so to do. To the damage, &c.

Oyer prayed of the writing, which is as follows :

" This indenture witnesseth, that whereas we, Joseph M'Guigin and James Leeper, both of Osnaburg, Stark county, Ohio, bind ourselves in the sum of one hundred and two dollars, lawful money; to which payment we bind ourselves, our heirs, executors, administrators, &c. Sealed with our seals, and delivered this 23d day of February, 1813.

" The condition of this obligation is, that if the above bound Joseph M'Guigin will make, or cause to be made, unto David Kemp, of Washington county, Pa., a good and sufficient deed, in fee simple, for lot numbered 168, in the town of Canton, on or before the 25th December, 1813, then shall the above obligation be void, else remain in full force and virtue in law," &c.

Demurrer.

" For that the said declaration, wherein it describes the said writing obligatory, is variant therefrom in this: that it states the money therein mentioned, to be therein made payable to the said David, when, in truth, the said bond is not so made payable.

That it does not appear by said declaration, to whom the said Joseph and James acknowledged to owe the said sum of money.

That it is not averred, in said declaration, that said obligation was delivered to said David, as an obligation from the said Joseph and James, to him the said David.

That the said David avers a breach in the not making a deed of another and different lot of land, than the one mentioned in said condition to said obligation.

That, in said declaration, there is no averment of any breach of the condition of said writing obligatory, described and set forth in said declaration."——Joinder in demurrer.

GOODENOW, for plaintiff.

WRIGHT, for defendant.

PRESIDENT.—The plaintiff, in his declaration, undertakes to describe a penal bond, as one whereby the defendants acknowledge themselves to be held and firmly bound unto the said D. K. " in," &c. " to be paid the said D. K. when " &c. the bond produced on oyer,

contains no acknowledgement to D. K. and no stipulation to whom the penalty is to be paid. The rule of law is, that any variance in setting out a written contract, will be fatal Whether we consider the words "unto the said D. K." erased, as forming a part of the declaration, (as the plaintiff wishes them to be taken) or, with the defendant, consider them as erased and stricken out, will make no difference; for still the contract set forth in this declaration, and the contract shewn, differ materially from each other. I think, therefore, without going into the other points raised by this demurrer, that it must be sustained.

That D. K. might recover on this bond, I have no doubt; but his declaration must show a title to recover. That his name was intended to be inserted in the penal part of the bond, is very probable; but, being ommitted, it cannot be safely declared on as though it had been inserted; proper averments of its having been made, and delivered to him, would supply the defect; as it is, he does not appear to have any right to sue for the penalty; his right, in equity, to a specific performance of the condition, in another matter, not here to be considered.

Demurrer sustained.—Judgment for defendant.